ON REHEARING
PER CURIAM.
INTRODUCTION
This personal injury matter came to us on appeal during December of 1989 with judgment being rendered on December 13, 1989. Thereafter, the plaintiff applied for a hearing which was granted and heard on the 6th day of March, 1990. We set aside our judgment of December 13, 1989 and remand the matter for new trial.
The basic issue presented is whether this Court’s original judgment should stand or whether “common sense” mandates a remand for new trial.
ANALYSIS
In our initial review of December 13, 1989, we clearly state our standard of review which we reaffirm without comment. However, upon careful reflection since the original judgment it has become painfully obvious that for all parties concerned a new trial in this matter is mandated because of the total uniqueness of the factual scenario, namely the death of the judge who presided at trial prior to judgment and the subsequent “deciding judge” rendering judgment in this critical personal injury matter without the benefit of any live testimony. Consequently, each vital aspect in the evaluation of liability and/or damages rests on a credibility assessment which does not exist. Therefore, this Court decrees that all of the testimony and evidence, especially the plaintiff’s doctors, physical therapist and vocational rehabilitation specialist must be presented to a trier of fact to assess the weight and sufficiency in order for this Court to render any just and/or equitable or intelligent opinion.
*703 For the reasons assigned, the judgment of this Court dated December 13, 1989 is hereby set aside and remanded for a new trial in its entirety.
JUDGMENT SET ASIDE AND REMANDED.